United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 06-60052
Summary Calendar

_____

GHULAM MUHAMMAD,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 319 971
------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Ghulam Muhammad, a citizen of Pakistan, petitions this court for review of the Board of

Immigration Appeal's (BIA) decision affirming the immigration judge's (IJ) order denying his request

for withholding of removal. When, as here, the BIA adopts the IJ's decision, we review the IJ's

decision. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). This court reviews the BIA's

factual conclusion that an alien is not eligible for withholding of removal under the substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

evidence test. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). Under this standard, "the alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Id*. An IJ's findings on credibility are accorded great deference. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Muhammad argues that the BIA erred in denying him withholding of removal because he suffered persecution in Pakistan due to his membership in the Altaf faction of the political party Muttahida Quami Movement. In denying withholding of removal, the IJ found that Muhammad's testimony was not credible, that conditions had changed significantly in Pakistan since the events surrounding Muhammad's 1996 departure, and that, if Muhammad felt threatened, he could safely relocate to another part of Pakistan. In affirming the IJ, the BIA noted that, even assuming arguendo that Muhammad's testimony regarding his claimed past persecution was credible, the IJ "correctly found that the presumption that the respondent's life or freedom would be threatened in the future had been rebutted" under 8 C.F.R. § 1208.16(b)(1)(i). After reviewing the record, we conclude that the evidence does not compel a conclusion contrary to the BIA's denial of withholding of removal. *See Chun*, 40 F.3d at 78.

Accordingly, Muhammad's petition for review is DENIED.